FILED

Daniel W. Maguire (SBN 120002)
E-mail: dmaguire@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

2012 JAN -9 PM 12:48

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

Attorneys for Plaintiff
Sun Life Assurance Company of Canada

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SUN LIFE ASSURANCE COMPANY OF CANADA,

    Plaintiff,

v.

PAMELA STRUGAR, an individual; DOUGLAS STRUGAR, an individual; PAMELA A. STRUGAR, 2010 Descendant's Trust; DOUGLAS G. STRUGAR, 2010 Descendant's Trust; THE ESTATE OF JANICE H. STRUGAR; and DOES 1-10, inclusive,

    Defendants.

Case No. CV 12 0205-DMG (CWx)

**COMPLAINT IN INTERPLEADER**

[Rule 22, Fed. R. Civ. P.]

Plaintiff Sun Life Assurance Company of Canada ("Sun Life") alleges as follows:

**JURISDICTION AND VENUE**

1. Sun Life is a corporation incorporated, organized and existing under the laws of Canada, and is governed by the Insurance Companies Act of Canada. Sun Life's port of entry in the United States is Michigan and it maintains its

principal place of business in the United States in the Commonwealth of Massachusetts. Sun Life is authorized to conduct business within the State of California, and within this District.

2. Defendant Pamela Strugar is an individual, and a citizen and resident of the State of California, who resides in the City of Los Angeles, and within the Central District of California.

3. Defendant Douglas Strugar is an individual, and a citizen and resident of the State of California, who resides in the City of San Marino, California, and within the Central District of California.

4. Defendant Pamela A. Strugar, 2010 Descendant's Trust ("Pam Strugar Trust") is a Trust dated November 11, 2010 and established by Janice H. Strugar as settlor. Named as trustee of the Pam Strugar Trust is Bank of America, N.A. through its Merrill Lynch Trust Company Division ("Merrill Lynch"). The Trust Agreement for the Pam Strugar Trust was executed within the State of California.

5. Defendant Douglas G. Strugar, 2010 Descendant's Trust ("Doug Strugar Trust") is a Trust dated November 11, 2010 and established by Janice H. Strugar as settlor. Named as trustee of the Doug Strugar Trust is Bank of America, N.A. through its Merrill Lynch Trust Company Division ("Merrill Lynch"). The Trust Agreement for the Doug Strugar Trust was executed within the State of California.

6. Defendant Estate of Janice Strugar ("Estate") will be or was established following the death of Janice Strugar.

///

7. The true names and capacities of DOES 1 through 10 are unknown to Sun Life at this time. When the identities of these individuals become known, Sun Life will amend this Complaint to show such names and capacities. Sun Life is informed and believes and based thereon alleges that each of the DOE Defendants claims or may claim an interest in the life insurance proceeds, which are the subject of this Complaint.

8. Diversity of citizenship between Sun Life as stakeholder and the Defendants as claimants exists for purposes of Rule 22, Federal Rules of Civil Procedure, in that Sun Life maintains its principal place of U.S. business in the Commonwealth of Massachusetts, and none of the Defendants are citizens or residents of Massachusetts.

9. Venue is proper in this District as Defendants Pamela Strugar and Douglas Strugar reside in the Central District of California, and both the Pam Strugar Trust and the Doug Strugar Trust were established in this District. 28 U.S.C. § 1397.

10. More than $75,000 is controversy in this case, exclusive of interest and costs. As explained below, the stake of this interpleader is in excess of $10 million dollars, representing the amount of insurance proceeds at issue, plus interest.

### FACTS RELEVANT TO THE STAKE INTERPLED

11. On December 22, 1994, Sun Life issued its Life Insurance Policy Number 010009249 (the "Policy") to Janice Strugar and George Strugar as joint owners. George Strugar died on June 13, 1997.

///

12. Pursuant to a duly executed Beneficiary Change Request dated December 27, 2006, the named beneficiaries on the Policy became Douglas Strugar, son, and Pamela Strugar, daughter.

13. In May 2011, the ownership of the Policy was changed to the Pam Strugar Trust (50%) and the Doug Strugar Trust (50%). In the confirmation notice of this ownership change, Sun Life inquired as to whether the Trusts wished to make changes to the beneficiary designation, but received no response.

14. Janice Strugar passed away on October 29, 2011. By reason of her death, a benefit in the amount of approximately $10,436,030.82 became payable under the Policy.

15. At the time of Janice Strugar's death, the named beneficiaries were still Pamela Strugar and Douglas Strugar, as individuals.

16. Sun Life received from Merrill Lynch, as Trustee of the Pam Strugar Trust and the Doug Strugar Trust, a claim to the benefits, and a demand to make payment of the Policy proceeds to those Trusts instead of to Pamela Strugar and Douglas Strugar as individuals. On January 4, 2012, Merrill Lynch respectfully declined to withdraw that claim.

17. Defendants Pamela Strugar and Douglas Strugar have indicated to Sun Life that they will or may disclaim their interest in the proceeds of the Policy. If they were to disclaim their interest, then they would be considered to have predeceased the insured, Janice Strugar, for purposes of the Policy. In that event, the Policy proceeds would be payable to Defendant Estate of Janice Strugar.

///

## FIRST CAUSE OF ACTION

### (For Interpleader)

18. Plaintiff refers to and incorporates herein by this reference each and every allegation set forth in Paragraphs 1 through 17 above, as though fully set forth herein.

19. There are adverse and conflicting claims and/or potential claims to the Policy proceeds from the named beneficiaries, Pamela Strugar and Douglas Strugar as individuals, the Pam Strugar Trust and the Doug Strugar Trust, and the Estate of Janice Strugar. As the result of these conflicting claims to the Policy proceeds, Sun Life is unable to discharge its liability under the Policy without potentially exposing itself to multiple liability or litigation or both.

20. Sun Life claims no beneficial interest in the Policy proceeds. It is a mere stakeholder of these proceeds. Sun Life will deposit the amount of approximately $10,436,030.82 plus interest in insurance benefits now due and owing on account of the death of Janice Strugar into the Court's registry, there to remain in an interest-bearing account subject to the outcome of this action.

21. Sun Life should not be compelled to become involved in the actual or potential disputes and contentions of Defendants with respect to the Policy proceeds, and Defendants should be ordered to litigate and otherwise settle among themselves without further involving Sun Life.

22. Sun Life has and will continue to incur attorneys' fees and costs in bringing this interpleader action to resolve the dispute among the conflicting claimants as set forth above.

WHEREFORE, Sun Life prays judgment as follows:

1. That Defendants be restrained from instituting any action against Plaintiff Sun Life for the recovery of the amount of said Policy or any part thereof;

2. That the Defendants be required to interplead and settle among themselves their respective rights to the proceeds under the Policy, and that Sun Life be discharged from all liability to Defendants under said Policy or otherwise;

3. That this Court shall award Sun Life its actual court costs and reasonable attorneys' fees incurred in connection with this interpleader action, with such sums to be paid out of the amount deposited by Sun Life with this Court;

4. That this Court shall dismiss Sun Life with prejudice from this action; and

5. For such other and further relief as the Court deems proper.

DATED: January 6, 2012               BURKE, WILLIAMS & SORENSEN, LLP

                                     By: *[signature]*
                                     DANIEL W. MAGUIRE
                                     Attorneys for Plaintiff
                                     Sun Life Assurance Company of Canada

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV12- 205 DMG (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Daniel W. Maguire (SBN 120002); dmaguire@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 S. Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600; Fax: 213.236.2700
Attorneys for Plaintiff Sun Life Assurance Company of Canada

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>PLAINTIFF(S)<br>v.<br>PAMELA STRUGAR, an individual; DOUGLAS STRUGAR, an individual; PAMELA A. STRUGAR, 2010 Descendant's Trust; DOUGLAS G. STRUGAR, 2010 Descendant's Trust; THE ESTATE OF JANICE H. STRUGAR; and DOES 1-10, inclusive,<br>DEFENDANT(S). | CASE NUMBER<br><br>CV 12 0205 DMG (CWx)<br><br>SUMMONS |

TO DEFENDANT(S): PAMELA STRUGAR, an individual; DOUGLAS STRUGAR, an individual; PAMELA A. STRUGAR, 2010 Descendant's Trust; DOUGLAS G. STRUGAR, 2010 Descendant's Trust; THE ESTATE OF JANICE H. STRUGAR; and DOES 1-10, inclusive

   A lawsuit has been filed against you.

   Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ ____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Daniel W. Maguire</u>, whose address is <u>444 S. Flower Street, Suite 2400, Los Angeles, California 90071-2953</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: JAN -9 2012

Clerk, U.S. District Court

By: _____
         Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)
LA #4814-6268-5198 v1

SUMMONS



# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

SUN LIFE ASSURANCE COMPANY OF CANADA

**DEFENDANTS:** PAMELA STRUGAR, an individual; DOUGLAS STRUGAR, an individual; PAMELA A. STRUGAR, 2010 Descendant's Trust; DOUGLAS G. STRUGAR, 2010 Descendant's Trust; THE ESTATE OF JANICE H. STRUGAR; and DOES 1-10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Daniel W. Maguire (SBN 120002)
E-mail: dmaguire@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 S. Flower St., Ste. 2400, Los Angeles, CA 90071-2953
Tel: 213.236.0600; Fax: 213.236.2700

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Interpleader – Rule 22 F.R.C.P.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☒ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

**FOR OFFICE USE ONLY:** Case Number: CV 12 0205

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2
LA #4816-6302-8750 v1

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Commonwealth of Massachusetts |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Pamela Strugar – Los Angeles, California<br>Douglas Strugar – San Marino, California |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, California |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _/s/ Daniel W. Maguire_     Date January 6, 2012
DANIEL W. MAGUIRE

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |